# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| THEO ALLEN | CIVIL ACTION NO. 06-0662 |
| VS. | SECTION P |
| TERRY L. TERRELL, WARDEN | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on April 3, 2006[1] by *pro se* petitioner Theo Allen. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana where he is serving a twenty year sentence imposed on February 11, 2000, following his October 1999 conviction for forcible rape in the Fourteenth Judicial District Court, Calcasieu Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred under the provisions of 28 U.S.C. §2244(d).

---

[1] See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established. The Supreme Court recognized that without a mailbox rule, prisoners acting *pro se* would be unduly prejudiced in their attempts to exercise their rights under the law: "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access– the prison authorities–and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston*, 487 U.S. at 271-72, 108 S.Ct. at 2382-83. Petitioner signed his pleadings on April 3, 2006 [Doc. 1-1, pp. 11-12]; they were post marked April 12, 2006 [Doc. 1-1, p. 13], and received and filed on April 17, 2006. Therefore, April 3 is the earliest date that the pleadings could have been filed.

## STATEMENT OF THE CASE

On February 23, 1995, petitioner was indicted by the Calcasieu Parish Grand Jury on a charge of aggravated rape. [Doc. 1-1, p. 2, paragraph 5(b)]. On October 18, 1999, he pled guilty to the lesser included offense of forcible rape. According to the plea agreement, there was no recommendation for sentence. [Doc. 1-3, pp. 2-8; Appendix A-1]. On February 11, 2000, he was sentenced to serve twenty years at hard labor. [*Id.*, pp. 9-28, Appendix A-2]. Petitioner did not appeal his conviction or sentence. [Doc. 1-1, p.6, paragraph 6(a)].

Sometime prior to October 18, 2001, petitioner filed an Application for Post-Conviction Relief in the Fourteenth Judicial District Court. The Application was denied on October 18, 2001. [Doc. 1-1, p. 3].[2]

On September 7, 2004, petitioner filed a Motion to Correct an Illegal Sentence in the Fourteenth Judicial District Court. Petitioner claimed that his sentence was illegal because he was not informed during the plea negotiations that he would be ineligible to earn diminution of sentence or good time. [Doc. 1-3, pp. 29-38, Appendix A-3].[3] On October 18, 2004, the district judge denied the motion. Notice of the denial was sent to the petitioner on November 16, 2004. [Doc. 1-3, p. 39, Appendix A-4].

In February 2005, petitioner filed an Application for Writs in the Louisiana Third Circuit Court of Appeals. Procedurally, petitioner argued that the delay in filing writs was not attributable to him. Substantively he argued that his sentence was unlawful because when he pled

---

[2] Petitioner admits that he does not know the date that he filed this application; he is however, certain that it was dismissed on October 18, 2001.

[3] Petitioner also conceded that his claim would ordinarily "... have been raised on an application for post-conviction relief; however, Louisiana's statute of limitation for filing same has long lapsed ..." [Doc. 1-3, p. 36].

guilty he was not aware that he would be ineligible to receive diminution of sentence and because the trial court failed to advise him of the sex offender registration requirements codified at La. R.S.15:542. [Doc. 1-3, pp. 40-44, Doc. 1-4, pp. 1-17, Appendix A-5, Appendix A-6].

On March 22, 2005, the Third Circuit denied writs and noted,

> Relator's sentence on the charge of forcible rape is legal. See La. R.S.14:42.1 and *State v. Moore*, 9301632 (La. App. 3 Cir. 5/4/94), 640 So.2d 561, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858. Because Relator failed to raise a claim cognizable in a motion to correct an illegal sentence, Relator's motion would properly have been reviewed as an application for post-conviction relief and the two-year prescriptive period of La.Code Crim.P. art. 930.8 applies. See *State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d 694. Relator's application was untimely filed. Furthermore, Relator fails to allege or prove any exception to the time limitation. See La. Code Crim.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189 . . . .

*State of Louisiana v. Theo Allen*, No. KH 05-00219 (La. App. 3 Cir. 3/22/2005) [Doc. 1-4, p. 18, Appendix A-7].

On April 20, 2005, petitioner filed a *pro se* application for writs in the Louisiana Supreme Court. Petitioner argued that (1) the Third Circuit erred when it invoked the procedural bar of La. C.Cr.P. art. 930.8[4] to deny petitioner's Motion to Correct an Illegal Sentence; (2) the delay in filing the writ application in the Third Circuit was not petitioner's fault; (3) the Third Circuit erred when it refused to reach the merits of petitioner's claims that his guilty plea was infirm due to the trial court's failure to advise him that he would be ineligible for diminution of sentence and would be subject to Louisiana's sex offender registration law; and (4) the Third Circuit erred

---

[4] LSA C.Cr.P. art. 930.8 provides a two-year limitations period for the filing of applications for post-conviction relief; the two-year period is reckoned from the date of finality of judgment. In *State v. Parker,* the Louisiana Supreme Court held that the prescriptive period of art. 930.8 and not the unlimited period allowed for filing a motion to correct an illegal sentence applied to claims of trial error. *State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d at 695. In *Glover*, the Supreme Court held that an appellate court reviewing the judgment of a trial court on an untimely application for post-conviction relief is not precluded from denying relief on the basis of art. 930.8 even though the lower court addressed the merits of the case. *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d at 1201-02.

when it failed to find that the petitioner's sentence is illegal because it does not rest upon a valid plea of guilty. [Doc. 1-4, pp. 19-44, at p. 33, Appendix 8-A].

On March 10, 2006, the Louisiana Supreme Court, citing La. C.Cr.P. art. 930.8, *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, and, *State v. Parker*, 98-0256 (La. 5/8/98), 711 So.2d 694, denied writs.[5] See *State ex rel. Theo Allen v. State of Louisiana*, 2005-1478 (La. 3/10/2006), 925 So.2d 499. Petitioner signed, and therefore filed his federal *habeas corpus* petition on April 3, 2006.

## LAW AND ANALYSIS

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[6] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year

---

[5] See fn. 4, *supra*.

[6] Nothing in the pleadings or record suggest that State created impediments prevented the timely filing of this petition; nor do the pleadings or record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally, nothing in the pleadings or record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

4

time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on February 11, 2000, and he did not appeal. Thus, under § 2244(d)(1)(A), petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review." Louisiana criminal law provides that an appeal must be filed within five days following the imposition of sentence.[7] Therefore, petitioner's time for filing an appeal expired on February 18, 2000.[8]

Under 28 U.S.C. § 2244(d)(1) he had one year, or until February, 2001 to file his federal *habeas corpus* petition. He cannot rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because he has indicated that he did not seek post-conviction relief in the state courts until some time before October, 2001, and, by that time, his federal claims would have already been prescribed. He could not revive the already expired limitation period simply by filing his otherwise timely application for post-conviction relief in the state court. *Villegas* 184 F.3d at 472. Once the federal filing period elapses, subsequent state filings have no bearing on the timeliness of an application for federal *habeas corpus* relief.

Further, even assuming that petitioner was somehow able to toll the limitations period by the timely filing of an Application for Post-Conviction Relief prior to February 2001, it is clear that any such post-conviction proceeding ceased to be properly filed on October 18, 2001 when

---

[7] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.

[8] La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on Friday, February 11, 2000. The five day delay for filing an appeal commenced on Monday, February 14, 2000 and expired on Friday, February 18, 2000.

5

the district court denied relief. Petitioner did not attempt to file any other post-conviction pleadings until he filed his Motion to Correct an Illegal Sentence on September 7, 2004, almost three years later.

Finally, even if it is assumed that petitioner somehow managed to toll the limitations period throughout the time between February 2000 and September 2004, his present federal habeas petition would still be time barred.

As shown above, petitioner's Motion to Correct an Illegal Sentence was ultimately construed to be an application for post-conviction relief. The application was dismissed by the Third Circuit Court of Appeals and the Louisiana Supreme Court in accordance with the provisions of LSA C.Cr.P. art. 930.8. A federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed his application, it was time-barred under State law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. See *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.) In other words, giving petitioner the benefit of every doubt, even the 18 month period between September 2004 (when he filed his Motion to Correct an Illegal Sentence) and March 2006 (when the Supreme Court construed the pleading as an Application for Post-Conviction Relief and dismissed it as untimely) cannot be tolled according to *Pace*. That period alone is well over one year and sufficient to establish that the instant pleading is time-barred.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, July 12, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE